**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAUL GARCIA-PEREZ, AKA Raul Garcia Perez, AKA Raul Garcia-Lopez, AKA Raul Perez Garcia,<br><br>       Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>       Respondent. | No.   19-70324<br><br>Agency No. A090-854-602<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020[**]

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Raul Garcia-Perez, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal and relief under the Convention Against Torture ("CAT"), and his request

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for a continuance.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We review for abuse of discretion the agency's denial of a continuance.  *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Garcia-Perez failed to establish the harm he experienced or fears was or would be on account of a protected ground.  *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (holding that a personal dispute, standing alone, does not constitute persecution on account of a protected ground).  Thus, Garcia-Perez's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Garcia-Perez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The agency did not abuse its discretion in denying a continuance where Garcia-Perez failed to demonstrate good cause.  *See* 8 C.F.R. § 1003.29 (an immigration judge may grant a continuance for good cause shown).

We do not consider the materials Garcia-Perez submitted that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (this court's review is limited to the administrative record).

We lack jurisdiction to review Garcia-Perez's contentions regarding changed circumstances. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Garcia-Perez's motion (Docket Entry No. 25) to file a supplemental opening brief is granted. The Clerk shall file the supplemental opening brief received at Docket Entry No. 22.

Garcia-Perez's motions (Docket Entry Nos. 23 and 24) for reconsideration are denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**